SUMMARY ORDER

Petitioner Bi Ying Liu, a native and citizen of China, seeks review of a May 2, 2008 order of the BIA affirming the June 27, 2006 decision of Immigration Judge (“IJ”) Theresa Holmes-Simmons denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bi Ying Liu, No. A 200 025 509 (B.I.A. May 2, 2008), aff'g No. A 200 025 509 (Immig. Ct. N.Y. City June 27, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guam, v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. *376 § 1158(b)(l)(B)(iii). Thus, we “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.”
In concluding that Liu was not credible, the IJ properly found that his testimony was internally inconsistent and inconsistent with the documentary evidence that he submitted. While Liu initially testified that in April 2004, he delivered Falun Gong books and the police attempted to arrest his father, the statement he submitted in support of his asylum application indicated that these events occurred in October 2004. When confronted with this discrepancy, Liu changed his testimony to conform with the statement. Liu’s explanation that he was nervous and confused during the hearing would not compel a reasonable fact-finder to disturb the IJ’s finding. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005). Nor would his argument that he actually testified consistently in asserting that these events occurred in either April or October 2004. See id.
Having called Liu’s testimony into question, the IJ properly concluded that the absence of corroborative evidence from his father in China or his sister in the U.S. further undermined his credibility, or, at least, rendered him unable to rehabilitate testimony that had already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Ultimately, substantial evidence supports the IJ’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); Xiu Xia Lin, 534 at 167. Therefore, the IJ properly denied Liu’s application for asylum, withholding of removal, and CAT relief because the only evidence that Liu would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).